UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

MELISSA ALVAREZ-KRUEGER
1100 Lucerne Drive, Apt. 1C
Menasha, Wisconsin 54952

    Plaintiff,

v.

ELECTRONIC FILING CENTER INC.
1313 Midway Road
Menasha, Wisconsin 54952

    and

JOHN W. SEIDEL
1313 Midway Road
Menasha, Wisconsin 54952

    Defendants

Case No.: 18-cv-546

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

COMES NOW Plaintiff, Melissa Alvarez-Krueger, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendants, alleges and shows to the Court as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws

("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides and/or operates its business in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

**PARTIES**

4. Plaintiff, Melissa Alvarez-Krueger, is an adult female resident of the State of Wisconsin with a post office address of 1100 Lucerne Drive, Apt. 1C, Menasha, Wisconsin 54952.

5. Defendant, Electrical Filing Center Inc. (hereinafter simply "Defendant Company"), was, at all material times herein, a commercial entity with a principal address of 1313 Midway Road, Menasha, Wisconsin 54952.

6. Defendant Company provides tax and accounting services.

7. Prior to approximately January 2017, Defendant Company's corporate name was "One Computer Services, Inc." Subsequently, its corporate name was "Electronic Filing Center, Inc." Regardless of corporate name, Defendant Company's operations, management, finances, ownership, personnel, services, and/or location(s) did not change during the relevant time periods as stated herein.

8. During the relevant time periods as stated herein, Defendant Company employed between approximately thirty-five (35) and forty (40) employees.

9. During the relevant time periods as stated herein, Defendant Company was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

10. During the relevant time periods as stated herein, Defendant Company's annual dollar volume of sales or business exceeded $500,000.

11. During the relevant time periods as stated herein, Defendant Company was an "employer" as that term is defined under the FLSA and the WWPCL.

12. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant Company as these terms are defined under the FLSA and the WWPCL.

13. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

14. Defendant, John W. Seidel (hereinafter simply "Defendant Seidel"), is an individual residing in the State of Wisconsin and has maintained, at all material times herein, a business address of 1313 Midway Road, Menasha, Wisconsin 54952.

15. Defendant Company is owned, operated, and managed by Defendant Seidel.

16. Defendants own and operate one office location, located at 1313 Midway Road, Menasha, Wisconsin 54952 (hereinafter simply Defendants' "Office").

17. During the relevant time periods as stated herein, Defendant Seidel was an "employer" as that term is defined under the FLSA and/or the WWPCL.

18. During Plaintiff's employment with Defendants, Defendant Seidel supervised Plaintiff's day-to-day activities.

19. During Plaintiff's employment with Defendants, Defendant Seidel had the ability and authority to hire, terminate, promote, demote, and suspend Plaintiff.

20. During Plaintiff's employment with Defendants, Defendant Seidel had the ability and authority to review Plaintiff's work performance.

21. During Plaintiff's employment with Defendants, Defendant Seidel established the work rules, policies, and procedures by which Plaintiff abided in the workplace.

22. During Plaintiff's employment with Defendants, Defendant Seidel controlled the terms and conditions of Plaintiff's employment.

23. During Plaintiff's employment with Defendants, Defendant Seidel established Plaintiff's work schedule and provided Plaintiff with work assignments and hours of work.

24. During Plaintiff's employment with Defendants, Defendant Seidel tracked and recorded Plaintiff's hours of work.

## GENERAL ALLEGATIONS

25. In approximately the year 2001, Defendants hired Plaintiff as a Tax Preparer.

26. In approximately the year 2010, Plaintiff began performing duties for Defendants in the position of Manager.

27. On or about March 28, 2018, Defendant Seidel terminated Plaintiff's employment.

28. From approximately the year 2010 until March 28, 2018, Plaintiff performed compensable work for Defendants in the position of Manager.

29. During her employment with Defendants, Plaintiff reported directly to Defendant Seidel.

30. During Plaintiff's employment with Defendants as a Manager, Defendants compensated her on an hourly basis.

31. During Plaintiff's employment with Defendants as a Manager, Defendants compensated her on a weekly basis via paper check.

32. During Plaintiff's employment with Defendants as a Manager, Defendants' workweek for FLSA and WWPCL purposes was Sunday through Saturday.

33. During Plaintiff's employment with Defendants as a Manager, she performed compensable work at Defendants' Office with the knowledge and/or at the direction of Defendant Seidel.

34. During Plaintiff's employment with Defendants and on an annual basis, Defendant Company generally had a "busy season" and an "off season": its "busy season" was January through April of any given calendar year, and its "off season" was May through December of any given calendar year.

35. During Plaintiff's employment with Defendants as a Manager and during the "busy season" in the three (3) years preceding the filing of this Complaint, Plaintiff's customary work schedule was Mondays through Fridays, 9:00 a.m. to 9:00 p.m., Saturdays from 9:00 a.m. to 5:00 p.m., and Sundays from 9:00 a.m. to 5:00 p.m. or 10:00 a.m. to 6:00 p.m.

36. During Plaintiff's employment with Defendants as a Manager and during the "busy season" in the three (3) years preceding the filing of this Complaint, Defendants compensated Plaintiff with an hourly rate of $18.00.

37. During Plaintiff's employment with Defendants as a Manager and during the "busy season" in the three (3) years preceding the filing of this Complaint, she always worked in excess of forty (40) hours per workweek.

38. During Plaintiff's employment with Defendants as a Manager and during the "busy season" in the three (3) years preceding the filing of this Complaint, Defendants expectation and/or requirement of Plaintiff was that she work at excess of forty (40) hours per workweek.

39. During Plaintiff's employment with Defendants as a Manager and during the "off season" in the three (3) years preceding the filing of this Complaint, Plaintiff's customary work schedule was Mondays through Fridays, 10:00 a.m. to 5:00 p.m.

40. During Plaintiff's employment with Defendants as a Manager and during the "off season" in the three (3) years preceding the filing of this Complaint, Defendants compensated Plaintiff with an hourly rate of $10.00.

41. During Plaintiff's employment with Defendants as a Manager and during the "off season" in the three (3) years preceding the filing of this Complaint, she rarely, if ever, worked in excess of forty (40) hours per workweek.

42. During Plaintiff's employment with Defendants as a Manager and in the three (3) years preceding the filing of this Complaint, she recorded hours worked and/or work performed each workweek via Defendants' electronic timekeeping system.

43. During Plaintiff's employment with Defendants as a Manager and in the three (3) years preceding the filing of this Complaint, she did not record all hours worked and/or work performed each workweek via Defendants' electronic timekeeping system.

44. During Plaintiff's employment with Defendants as a Manager and during the "busy season" in the three (3) years preceding the filing of this Complaint, she performed approximately eight (8) hours of compensable work at Defendants' Office on Sundays each workweek.

45. During Plaintiff's employment with Defendants as a Manager and during the "busy season" in the three (3) years preceding the filing of this Complaint, Defendants did not compensate her for any hours worked and/or work performed on Sundays each workweek.

46. During Plaintiff's employment with Defendants as a Manager and during the "busy season" in the three (3) years preceding the filing of this Complaint, she physically performed compensable work at Defendants' Office on Sundays each workweek alongside Defendant Seidel.

47. During Plaintiff's employment with Defendants as a Manager and during the "busy season" in the three (3) years preceding the filing of this Complaint, she performed compensable work at Defendants' Office on Sundays each workweek with the knowledge and/or at the direction of Defendant Seidel.

48. During Plaintiff's employment with Defendants as a Manager and during the "busy season" in the three (3) years preceding the filing of this Complaint, Plaintiff "clocked out" via Defendants' electronic timekeeping system approximately two (2) days per workweek (excluding Sundays) at approximately 9:00 p.m. and continued performing compensable work at Defendants' Office until approximately midnight, or 12:00 p.m.

49. During Plaintiff's employment with Defendants as a Manager and during the "busy season" in the three (3) years preceding the filing of this Complaint, Plaintiff "clocked out" via Defendants' electronic timekeeping system approximately two (2) days per workweek (excluding Sundays) and continued performing compensable work at Defendants' Office with the knowledge and/or at the direction of Defendant Seidel.

50. During Plaintiff's employment with Defendants as a Manager and during the "busy season" in the three (3) years preceding the filing of this Complaint, Defendants did not compensate Plaintiff when she "clocked out" via Defendants' electronic timekeeping system approximately two (2) days per workweek (excluding Sundays) at approximately 9:00 p.m. and

continued performing compensable work at Defendants' Office until approximately midnight, or 12:00 p.m.

51. During Plaintiff's employment with Defendants as a Manager and during the "busy season" in the three (3) years preceding the filing of this Complaint, Defendant Seidel frequently commented to Plaintiff, "Thanks for working for free," referring to Defendants failing to compensate her work performed at Defendants' Office on Sundays and on weekdays after she "clocked out."

52. During Plaintiff's employment with Defendants as a Manager and during the "busy season" in the three (3) years preceding the filing of this Complaint, Defendant Seidel frequently gave Plaintiff a ride home from Defendants' Office at the end of the work day.

53. During Plaintiff's employment with Defendants as a Manager, Defendants did not compensate her for all hours worked in a workweek.

54. During Plaintiff's employment with Defendants as a Manager, Defendants compensated her at her regular rate of pay for hours worked in a workweek.

55. During Plaintiff's employment with Defendants as a Manager, Defendants compensated her at her regular rate of pay for hours worked in a workweek that were recorded via its electronic timekeeping system.

56. During Plaintiff's employment with Defendants as a Manager, Defendants did not compensate her with an overtime rate of pay for any hours worked in excess of forty (40) in a workweek.

57. During Plaintiff's employment with Defendants as a Manager, Defendants did not compensate her with an overtime rate of pay for all hours worked in excess of forty (40) in a workweek.

58. During Plaintiff's employment with Defendants as a Manager, she performed compensable work throughout the work day each workweek and was not completely relieved from duty for the purpose of eating a regular meal and/or was not completely relieved of duty or free from work for at least thirty (30) consecutive minutes.

59. During Plaintiff's employment with Defendants, they suffered or permitted her to work without appropriately and lawfully compensating her for all hours worked in a workweek, including but not limited to, at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

60. During Plaintiff's employment with Defendants, they suffered or permitted her to work without appropriately and lawfully compensating at with overtime pay for all hours worked in excess of forty (40) hours in a workweek.

61. During Plaintiff's employment with Defendants, they compensated hourly and/or non-exempt employees other than Plaintiff with overtime pay for hours worked in excess of forty (40) hours in a workweek.

62. During Plaintiff's employment with Defendants, Plaintiff's paychecks did not properly or lawfully compensate her for all hours worked in a workweek, including those hours worked in excess of forty (40) hours in a workweek.

63. Defendants' unlawful pay practices failed to compensate and deprived Plaintiff of the appropriate and lawful wages and compensation, including at an overtime rate of pay, due and owing to her, in violation of the FLSA and WWPCL.

64. Defendants knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendants suffered or permitted her to work) in a workweek in accordance with the WWPCL.

65. Defendants knew or should have known that Plaintiff must be compensated with overtime pay at a rate of time and one half for each hour worked (and for all hours Defendants suffered or permitted her to work) in excess of forty (40) hours in a workweek in accordance with the FLSA and the WWPCL.

66. Defendants had a statutory duty to comply with the FLSA and to remedy FLSA violations of which it was aware and/or of which it should have been aware.

67. Defendants owes Plaintiff earned and unpaid wages, including at an overtime rate of pay, for work performed during her employment with it for which she was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

**FIRST CAUSE OF ACTION – FLSA VIOLATIONS**

68. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

69. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

70. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

71. Defendants violated the FLSA by failing to compensate Plaintiff with overtime premium pay of time and one half for each hour worked in excess of forty (40) hours in a workweek.

72. Defendants violated the FLSA by failing to account for and compensate Plaintiff with overtime premium pay for each hour she worked in excess of forty (40) hours each workweek.

73. Defendants' failure to properly and legally compensate Plaintiff for all compensable work performed, including at the correct overtime rate of pay, was willfully perpetrated. Defendants have neither acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendants acted reasonably and with good faith in failing to pay overtime premium pay wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

74. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendants.

75. Plaintiff is entitled to damages equal to the mandated minimum wage and/or overtime premium pay within the three (3) years preceding the date of filing of the Complaint, ECF No. 1, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendants.

76. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CAUSE OF ACTION – WWPCL VIOLATIONS

77. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

78. At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

79. At all times material herein, Defendants were employers of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

80. At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

81. During Plaintiff's employment with Defendants, she performed compensable work in workweeks for which she was not compensated.

82. During Plaintiff's employment with Defendants, she worked hours in excess of forty (40) per workweek for which she was not compensated time and one half.

83. During Plaintiff's employment with Defendants, it failed to include all forms of compensation in Plaintiff's regular rates of pay for overtime calculation purposes.

84. Defendants willfully violated the WWPCL by failing to compensate Plaintiff for all hours worked, including at a rate of time and one half for each hour of overtime worked.

85. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at an overtime rate of pay at time and one half.

86. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

87. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, reimbursement for any expense purchases and/or materials purchased in conjunction with performing her job duties, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

88. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendants to make Plaintiff whole by providing reimbursement for unpaid wages, including but not limited to overtime wages and pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute;

3. Grant to Plaintiff liquidated damages against Defendants; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 8th day of April, 2018

                                               WALCHESKE & LUZI, LLC
                                               Counsel for Plaintiff

                                               **_s/ Scott S. Luzi_**
                                               James A. Walcheske, State Bar No. 1065635
                                               Scott S. Luzi, State Bar No. 1067405
                                               David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com